UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Civil Case No. 1:12-cv-01730-TWP-MJD

Malibu Media LLC

    Plaintiff,

v.

Eric Stear.

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 MAY -3 PM 1:58
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

Eric Stear ("Defendant") is identified in Plaintiff's complaint as the Internet Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 68.58.123.128. I am currently representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys as seen in *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). I will abide by these rules and procedures, but ask the courts indulgence as I'm not a lawyer. I hereby answer the Complaint of Plaintiff AF Holdings LLC. ("Plaintiff") as follows:

### Introduction

1. Paragraph 1 of the Complaint makes legal conclusions that do not require a response, except that Defendant agrees that Plaintiff is seeking relief under the Copyright Act (Title 17 U.S.C. § 101 et seq).

2. Defendant denies the Plaintiff's allegations in Paragraph 2.

## Jurisdiction and Venue

3. Paragraph 1 of the Complaint makes legal conclusions that do not require a response.

4. Defendant denies the Plaintiff's allegations in Paragraph 4. Even if the IP address in question was associated with the Wireless Firewall/Router (WFR) or network located at Defendant's residence, those facts still do not give rise to personal jurisdiction over the Defendant. An IP address is not a person, rather it is merely a series of numbers assigned to a computer or device, which can be accessed by multiple individuals over time. Moreover, an IP address can be simulated from a separate location by an unscrupulous individual, meaning that Plaintiff's software could inadvertently flag an innocent IP address if it is being simulated or spoofed by another. Defendant's ISP can ONLY identify the ISP subscriber (person who pays the ISP bill) and not who allegedly downloaded/shared Plaintiff's movies. Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill. Additionally, Defendant denies the legitimacy of the Plaintiff's allegations. Plaintiff should have sent a Digital Millennium Copyright Act (DMCA) take down notice to Defendants ISP as soon as the offending IP address was noted by its technical monitoring personnel on 17 September 2012 (Exhibit B of complaint). ISPs receive DMCA take down notices from various copyright owners on a daily basis. The ISP would have forwarded the DMCA take down notice to defendant as a normal course of its legal requirement to maintain its "safe harbor" status in accordance with the Online Copyright Infringement Liability Limitation Act. Plaintiff instead chose to allow this alleged infringement activity to persist without taking any reasonable protective steps to limit it.

5. Defendant denies the Plaintiff's allegations in Paragraph 5, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## Parties

6. Defendant denies the Plaintiff's allegations in Paragraph 6, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

7. Defendant denies the Plaintiff's allegations in Paragraph 7, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

8. Defendant denies the Plaintiff's allegations in Paragraph 8, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

9. Defendant denies any allegations implied in Paragraph 9; except that the Defendant is a resident at the location of 6652 Dunsdin Drive Plainfield, IN 46168.

10. Defendant denies the Plaintiff's allegations in Paragraph 8, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## Joinder

11. Defendant denies the Plaintiff's allegations in Paragraph 11. The Defendant has no association with other Defendants and the Defendant did not take part in any of the alleged activity.

## Factual Background

12. Defendant denies the Plaintiff's allegations in Paragraph 12, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

13. Defendant denies the Plaintiff's allegations in Paragraph 13, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

14. Defendant denies the Plaintiff's allegations in Paragraph 14, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15. Defendant denies the Plaintiff's allegations in Paragraph 15, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

16. Defendant denies the Plaintiff's allegations in Paragraph 16, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

17. Defendant denies the Plaintiff's allegations in Paragraph 17, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

18. Defendant denies the Plaintiff's allegations in Paragraph 18, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

19. Defendant denies the Plaintiff's allegations in Paragraph 19, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

20. Defendant denies the Plaintiff's allegations in Paragraph 20, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21. Defendant denies the Plaintiff's allegations in Paragraph 21, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

22. Defendant denies the Plaintiff's allegations in Paragraph 22, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

23. Defendant denies the Plaintiff's allegations in Paragraph 23, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

24. Defendant denies the Plaintiff's allegations in Paragraph 24, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

25. Defendant denies the Plaintiff's allegations in Paragraph 25, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

26. Defendant denies the Plaintiff's allegations in Paragraph 26, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

27. Defendant denies the Plaintiff's allegations in Paragraph 27.

28. Defendant denies the Plaintiff's allegations in Paragraph 28, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

29. Defendant denies the Plaintiff's allegations in Paragraph 29, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

30. Defendant denies the Plaintiff's allegations in Paragraph 30, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

31. Defendant denies the Plaintiff's allegations in Paragraph 31, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

32. Defendant denies the Plaintiff's allegations in Paragraph 32. Defendant took no part in these alleged actions.

33. Defendant denies the Plaintiff's allegations in Paragraph 33, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

34. Defendant denies the Plaintiff's allegations in Paragraph 34. Defendant took no part in these alleged actions. Defendant's ISP can ONLY identify the ISP subscriber (person who pays the ISP bill) and not who allegedly downloaded/shared Plaintiff's movies. Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill.

35. Defendant denies the Plaintiff's allegations in Paragraph 35. IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.58.123.128) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer. As previously stated, the public IP address assigned to defendant by the ISP in no way identifies an offender or equals culpability. Plaintiff incorrectly claims Defendant is guilty based only on this fallacy. Plaintiff FAILS to provide any prima facia evidence to substantiate the inference that these movies are being illegally shared or who the true infringer is.

36. Defendant denies the Plaintiff's allegations in Paragraph 36. IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.58.123.128) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or

culpability for some action. Additional investigative effort is required to identify the actual infringer.

37. Defendant denies the Plaintiff's allegations in Paragraph 37. IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.58.123.128) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer.

38. Defendant denies the Plaintiff's allegations in Paragraph 38. IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.58.123.128) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer.

39. Defendant denies the Plaintiff's allegations in Paragraph 39. IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.58.123.128) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer.

40. Defendant denies the Plaintiff's allegations in Paragraph 40. IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.58.123.128) is ONLY a series of numbers which is assigned to an ISP

subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer.

41.  Defendant denies the Plaintiff's allegations in Paragraph 41. IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.58.123.128) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer. As previously stated, the public IP address assigned to defendant by the ISP in no way identifies an offender or equals culpability. Plaintiff incorrectly claims Defendant is guilty based only on this fallacy. Plaintiff FAILS to provide any prima facia evidence to substantiate the inference that these movies are being illegally shared or who the true infringer is.

### Miscellaneous

42.  Defendant denies the Plaintiff's allegations in Paragraph 42, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

43.  Defendant denies the Plaintiff's allegations in Paragraph 43, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### COUNT I

44.  Defendant re-affirms the answers he provided in paragraphs 1-41.

45. Defendant denies the Plaintiff's allegations in Paragraph 45, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

46. Defendant denies the Plaintiff's allegations in Paragraph 46.

47. Defendant denies the Plaintiff's allegations of Paragraph 47, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

48. Defendant denies the Plaintiff's allegations in Paragraph 48.

49. Defendant denies the Plaintiff's allegations in Paragraph 49. It is irresponsible for Plaintiff to allege "willful" infringement based only on an ISP address which cannot determine the culpability of the person paying the bill.

50. Defendant denies the Plaintiff's allegations in Paragraph 50.

## COUNT II

51. Defendant re-affirms the answers he provided in paragraphs 1-41.

52. Defendant denies the Plaintiff's allegations in Paragraph 45, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

53. Defendant denies the Plaintiff's allegations in Paragraph 53.

54. Defendant denies the Plaintiff's allegations in Paragraph 54.

55. Defendant denies the Plaintiff's allegations in Paragraph 55, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

56. Defendant denies the Plaintiff's allegations in Paragraph 56.

57. Defendant denies the Plaintiff's allegations in Paragraph 57.

58. Defendant denies the Plaintiff's allegations in Paragraph 58.

59. Defendant denies the Plaintiff's allegations in Paragraph 59. It is irresponsible for Plaintiff to allege "willful" infringement based only on an ISP address which cannot determine the culpability of the person paying the bill.

60. Defendant denies the Plaintiff's allegations in Paragraph 58.

## Defenses

### FIRST DEFENSE
### DECLATORY JUDGEMENT

61. Plaintiff incorrectly alleges that Defendant willfully infringed their exclusive rights under United States Copyright Act of 1976, asamended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

62. Defendant has not infringed the copyrights of Plaintiff nor violated and exclusive rights held by Plaintiff under the aforementioned statutes. <u>Defendant has not now nor ever used a Bit Torrent client to illegally download or upload material as alleged by Plaintiff in the Complaint</u>. Thus, the defendant denies the allegations of copyright infringement raised by Plaintiff.

63. Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

### SECOND DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

64. Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a cause of action on either count, and therefore requests a dismissal of Plaintiff's Complaint.

65. Because Plaintiff is unable to demonstrate the Defendant committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

66. Plaintiff is unable to prove that Defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that the Defendant made a complete copy of the work alleged by Plaintiff.

## THIRD DEFENSE

### De Minimis Non Curat Lex

67. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or *de minimis* use.

68. Any infringing activity using Defendants's Internet connection was momentary at best, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant.

## FOURTH DEFENSE
### Failure to Mitigate Damages

69. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages.

## FIFTH DEFENSE
### Innocent Infringement

70. Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because other unknown personnel used his Internet connect without his knowledge or consent, thus his actions were not "willful" and he acted in good-faith.

### SIXTH DEFENSE
### Barring of Statutory Damages and Attorney's Fees

71. Plaintiff's claim for statutory damages is barred by the U.S. Constitution. Amongst other rights, the Fifth Amendment right to due process bars Plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." *Id.* If all of Plaintiff's settlements for infringement of the works in question are added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

### SEVENTH DEFENSE
### Failure to Join an Indispensible Party

72. Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by

Plaintiff. Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of Plaintiff's works. Plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public IP addresses, identified who paid for the Internet service (ISP subscriber), and then sued them in an effort to obtain a settlement for thousands of dollars. For failing to join the indispensible party, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

## EITHTH DEFENSE
### Communication Decency Act

73. As Defendant stated he did not infringe upon Plaintiff's work and other unknown personnel are responsible, Communication Decency Act (DCA), 47 USC, section 230, immunizes ISPs and their subscribers from causes of actions stemming from the action of a third party (unknown infringer).

## NINTH DEFENSE
### License, Consent, and Acquiescence

74. Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent.

## TENTH DEFENSE
### Unclean Hands

75. Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE
### Injunctive Relief

76. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

77. Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

   a. A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court.

DATED: *April 28*, 2013

                                                                    Respectfully submitted,
                                                                    Eric Stear

By: _____
Eric Stear
6652 Dunsdin Dr
Plainfield, IN 46168
Telephone: 317-656-0372
Email address:
egstear@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 5/01/2013, I served a copy of the foregoing document, via US Mail, on:

> Paul J Nicoletti, Esq.
> NICOLETTI & ASSOCIATES, PLLC
> 36880 Woodward Ave, Suite 100
> Bloomfield Hills, MI 48304

Dated: 4/28/2013

Respectfully submitted,

_/s/ Eric Stear_
Eric Stear
6652 Dunsdin Dr
Plainfield, IN 46168
Telephone: 317-656-0372
Email address: egstear@gmail.com