UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WILLIAM JULIEN, GENA HURST, ERIC STEAR, DONALD WILSON | ) ) )  No. 1:12-cv-01730-TWP-MJD ) ) |
| Defendants. | ) |

### ORDER ON MOTION TO STRIKE

This matter is before the Court on Plaintiff's Motion to Strike or Summarily Dismiss Defendant, Eric Stear's, Defenses [Dkt. 28]. For the reasons set forth below, the motion is **DENIED**.

### I.     Background

Plaintiff filed the instant action on November 26, 2012 against various unnamed defendants identified only by their Internet Protocol ("IP") address. Plaintiff alleged that these defendants infringed on Plaintiff's copyrighted work using a peer-to-peer file sharing service known as BitTorrent to download Plaintiff's copyrighted films. After subpoenaing the internet service provider ("ISP") to identify the owners of the IP addresses, Plaintiff amended its complaint on April 9, 2013 and named Eric Stear as a defendant. [Dkt. 18.] Stear filed his Answer on May 3, 2013 asserting eleven defenses. [Dkt. 24.] Plaintiff then filed this motion on May 24, 2013.

1

## II.  Legal Standard

The Federal Rules of Civil Procedure require a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). A party must also affirmatively state any avoidance or affirmative defense in the responsive pleading. Fed. R. Civ. P. 8(c)(1). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or by motion. Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored as they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).[1] "But where motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*. Meritless defenses that are nothing but barebones conclusory allegations that omit any short and plain statements of fact and/or fail to allege the necessary elements of the alleged defenses are insufficient pleadings for which the Court may strike. *Id*. at 1295. Immaterial defenses are defenses that "have no essential or important relationship to the claim for relief. *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984), *reversed on other grounds*; *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994); *Simms v. Chase Student Loan Servicing, LLC*, 2009 WL 943552, *2 n. 3, (E.D. Mo. 2009). Impertinent matters consist of statements that do not pertain to the issues in question. *Id.*

## III.  Discussion

Plaintiff moves to strike or summarily dismiss Stear's Second, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Defenses. As Plaintiff does not assert that the defenses are

---

[1] Although not argued, the Court need not look to whether the plausibility standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses. As a threshold matter, the Court examines whether Defendant's affirmative defenses rise to the standard in *Heller* before meeting the plausibility standard in *Twombly* and *Iqbal*.

redundant or scandalous, the Court will address each defense in relation to the other requirements set forth in Rule 12(f).

### A. Second Defense: Failure to State a Claim

Plaintiff argues that the Court should strike Stear's Second Defense because Plaintiff has properly pled a prima facie case of copyright infringement and thus states a claim upon which relief can be granted. The Court refuses to strike the defense on this ground. This defense is specifically identified under Fed. R. Civ. P. 12(b)(6). The Rules allow for a party to raise the defense of "failure to state a claim upon which relief can be granted" in the responsive pleading. Fed. R. Civ. P. 12(b), (h)(2)(A). It is also a nonwaivable defense and may be asserted at any time. Simply asserting that defense in the responsive pleading is a mere nullity; it has absolutely no effect on the outcome of the proceedings without some factual and legal support. The Court will not penalize defendants for asserting this defense when the Rules are permissive on the matter and the pleading complies with Form 30. *J & J Sports Productions, Inc. v. Munoz*, 2011 WL 2881285, *2 (S.D. Ind. 2011). Typically, parties simply ignore this assertion as harmless. *See Leon v. Jacobson Transportation Co. Inc.*, 2010 WL 4810600, *1 (N.D. Ill. 2010). The Court will not rule on the merits of Defendant's Rule 12(b)(6) defense unless and until the Defendant has, by motion, provided facts and/or legal authority to support this defense. Accordingly, Plaintiff's Motion to Strike Defendant's Second Defense is **DENIED**.

### B. Fourth Defense: Failure to Mitigate Damages

Stear asserts as his Fourth Defense that "Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages." [Dkt. 24 at 12.] Plaintiff's Amended Complaint seeks

an award of the greater of "(i) statutory damages in the amount of $150,000 per Defendant, pursuant to 17 U.S.C. § 504(a) and (c), or (ii) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b)." Plaintiff, by way of this motion, has elected to recover only statutory damages under the Copyright Act instead of an award of actual damages. This declaration was made in Plaintiff's argument presumably to rebut Defendant's failure to mitigate defense. Thus, Plaintiff asserts that the defense of failure to mitigate damages is not appropriate since it does not apply to an award of statutory damages. The Court disagrees.

The amount that can be awarded for statutory damages ranges from $750 to $30,000, absent other exceptional findings. 17 U.S.C. § 504(c)(1). This Court is given a very broad discretion to determine how to award statutory damages. *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). While the plaintiff may opt for statutory damages, the court may consider plaintiff's actual damages in making its determination. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-33 (1952). In determining Plaintiff's actual damages, it is reasonable for the court to consider the actions Plaintiff took to mitigate such damages. Therefore, the Court will allow the defense.

In support of its argument Plaintiff relies on *Moothart v. Bell*, 21 F.3d 1499 (10th Cir. 1994) and *Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411 (D. N.J. 2005). *Moothart* is inapplicable because it applies to statutory damages in an ERISA case, for which a "civil penalty" is imposed upon an administrator that violates the statute. 21 F.3d 1499; 29 U.S.C. § 1132(c). As *Moothart* emphasizes, that statute's sole purpose is to penalize violators for noncompliance and does not take into account plaintiff's actual damages. *See* 29 U.S.C. § 1132(c). In copyright infringement cases, however, the purpose of statutory damages is to serve a

4

dual purpose of compensating the plaintiff for actual damages that are not easily ascertainable and to deter future copyright infringement. *Woolworth*, 344 U.S. at 232-33; *F.E.L. Publications*, 754 F.2d at 219. Therefore, *Moothart* is inapplicable to copyright infringement cases.

Plaintiff's reliance on *Arista Records* is also misplaced. In that case, the defendants voluntarily withdrew the defense of failure to mitigate after the plaintiffs elected to pursue only statutory damages. *Arista Records*, 356 F.Supp.2d at 422. The court found that the defendants waived that defense and could no longer assert it since the plaintiffs did not change their position. *Id*. Therefore, *Arista Records* is inapplicable. Even if that case were applicable, it does not cite to any law to support prohibiting defendants from asserting that defense. *See id*. As the current law allows the court to consider actual damages, and failure to mitigate is relevant in considering actual damages, then the defense is permissible. Accordingly, Plaintiff's Motion to Strike Defendant's Fourth Defense is **DENIED**.

   C.  **Fifth Defense: Innocent Infringement**

Stear asserts as his fifth defense that, without admitting any of the allegations, "if Defendant is found liable . . . , Defendant constitutes an innocent infringer under the law because other unknown personnel used his Internet connect without his knowledge or consent, thus his actions were not 'willful' and he acted in good-faith." [Dkt. 24 at 13.] The Copyright Act provides that "where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2). The Copyright Act also provides that "if a notice of copyright in the form and position specified by this section appears on the published copy . . . , then no weight shall be given to such a defendant's interposition of a defense based on

innocent infringement in mitigation of actual or statutory damages [sic]." 17 U.S.C. § 401(d). Plaintiff, relying on section 401(d), argues that a notice of copyright plainly appeared on Plaintiff's works and therefore Stear is not an innocent infringer. However, Plaintiff proceeds to argue the merits of the case which are not relevant to this motion to strike. As Stear has properly pled and asserted the defense, Plaintiff may make its merit based arguments in a motion for summary judgment. Accordingly, Plaintiff's Motion to Strike Defendant's Fifth Defense is **DENIED**.

        **D.**        **Sixth Defense: Barring of Statutory Damages and Attorney's Fees**

Stear's Sixth Defense asserts that Plaintiff's claim for statutory damages is barred by the U.S. Constitution, arguing that his Fifth Amendment right to due process prohibits an award of statutory damages that meets or exceeds ten times actual damages and that the damages will likely exceed the statutory maximum. [Dkt. 24 at 13.] Stear's argument lacks merit. The cases Stear cites refer to punitive damages and not statutory damages. *See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Here, statutory damages are explicit under the Copyright Act. 17 U.S.C. § 504(c). Without more facts or law to support Stear's defense, it is nothing but a barebones conclusion which is insufficient under *Heller*. However, the Court is reluctant to strike the pleadings without giving the Defendant a chance to amend his answer. Accordingly, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and orders Defendant to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*. Therefore, Plaintiff's Motion to Strike Defendant's Tenth Defense is **DENIED** as premature.

E.        **Seventh Defense: Failure to Join an Indispensable Party**

Next, Stear asserts a defense that Plaintiff failed to join an indispensable party as the alleged infringement was committed by someone else. This defense is sufficient under the *Heller* standard. It also passes the immaterial and impertinent tests as this defense is relevant to the claim and bears an important relationship to the claims. Therefore, Plaintiff's Motion to Strike Defendant's Seventh Defense is **DENIED**.

F.        **Eighth Defense: Communication Decency Act**

Stear asserts as his Eighth Defense that the Communication Decency Act ("CDA"), 47 U.S.C. § 230, immunizes ISPs and their subscribers from causes of actions stemming from the action of a third party, i.e. unknown infringer. This defense is also sufficiently pled under *Heller*. Although Plaintiff asserts that the CDA is erroneous and has no application in this case, that is a question of law which should be addressed in a motion to dismiss or for summary judgment. However, as pleaded, the defense passes the immaterial and impertinent test in that it is material and relevant to the claims. Therefore, Plaintiff's Motion to Strike Defendant's Eighth Defense is **DENIED**.

G.        **Ninth Defense: License, Consent, and Acquiescence**

Stear asserts as his Ninth Defense that "Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrrent." [Dkt. 24 at 14.] With regard to implied license, this defense is an insufficient pleading as Stear failed show the necessary elements required for an implied license defense. An implied license exists where "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *I.A.E., Inc. v.*

*Shaver*, 74 F.3d 768, 776 (7th Cir. 1996), *citing Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). Although the defense is insufficient under *Heller*, the Court is reluctant to strike the pleadings without giving the Defendant a chance to amend his answer. Therefore, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and orders Defendant to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*.

The defenses of consent and acquiescence are sufficient under *Heller* and are relevant and material to the claims. Although Plaintiff argues that it did not authorize use, that is a dispute of fact not properly before the Court on Plaintiff's motion to strike. Therefore, Plaintiff's Motion to Strike Defendant's Ninth Defense is **DENIED** as premature.

      H.     Tenth Defense:  Unclean Hands

Stear asserts as his Tenth Defense that "Plaintiff's claims are barred by the doctrine of unclean hands." [Dkt. 24 at 14.] This defense is nothing but a barebones conclusion, not meeting the standard set forth in *Heller*. Stear provides no facts whatsoever to support this defense. However, the Court is reluctant to strike the pleadings without giving the Defendant a chance to amend his answer. Accordingly, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and orders Defendant to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*. Therefore, Plaintiff's Motion to Strike Defendant's Tenth Defense is **DENIED** as premature.

      I.     Eleventh Defense: Injunctive Relief

Stear asserts as his Eleventh Defense that "Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable." [Dkt. 24 at 15.]

8

Plaintiff argues that courts normally presume irreparable injury in copyright infringement cases. However, Plaintiff does not cite to and the Court likewise did not find that the presumption is not rebuttable. The defense is sufficiently pled under *Heller* and is relevant and material to the claims. Therefore, Plaintiff's Motion to Strike Defendant's Eleventh Defense is **DENIED**.

### IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike Defendant's Affirmative Defenses is **DENIED**. Regarding Stear's Ninth and Tenth Defenses, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and orders Defendant to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*.

Date: 09/17/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ERIC STEAR
6652 Dunsdin Drive
Plainfield, IN 46168

David P. Lynch
AMY NOE LAW
david@amynoelaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Gary L. Calhoun
UAW LEGAL SERVICES
garyca@uawlsp.com