UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WILLIAM JULIEN, GENA HURST, ERIC STEAR, DONALD WILSON, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) ) |
| WILLIAM JULIEN, | ) ) |
| Counter Claimant, | ) ) |
| vs. | ) ) |
| MALIBU MEDIA, LLC, | ) ) |
| Counter Defendant. | ) |

No. 1:12-cv-01730-TWP-MJD

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AS TO DONALD WILSON**

This cause is before the Court on the Plaintiff's motion for default judgment as to Defendant Donald Wilson. [Dkt. 44.] Wilson has not responded, and the time for doing so has now passed. Accordingly, the motion is ripe for ruling.

**I. STANDARD**

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus

liability, the plaintiff must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.*

## II. BACKGROUND

In its Complaint, Malibu Media, LLC alleges that Wilson and others directly and contributorily infringed its copyrighted work when they downloaded and disseminated without authorization all or a portion of twenty-three movies owned by Malibu Media and identified in Dkt. 44-2 (the "Works") using BitTorrent, a peer-to-peer file sharing protocol. Malibu Media served Defendant Donald Wilson with a Summons and First Amended Complaint on April 30, 2013. Default was entered as to Wilson on July 29, 2013. By virtue of entry of default against Wilson, Malibu Media's allegations as to liability are taken as true. Malibu Media now seeks entry of default judgment.

## III. DISCUSSION

### A. Damages

Under 17 U.S.C. § 504(c)(1), a copyright owner may elect actual or statutory damages. Statutory damages range from a sum not less than $750 to not more than $30,000, as the court considers just. However, pursuant to 17 U.S.C. § 504(c)(2), upon a finding of willful infringement the Court may increase the award of statutory damages to a sum of not more than $150,000. Here, Malibu Media plead that Wilson's infringement was committed willfully and that willfulness has been established by virtue of Wilson's default. Accordingly, the enhanced damages are available. Malibu Media seeks damages in the amount of $51,750 in statutory damages. The Court finds that amount just under the circumstances. By virtue of entry of the default, it has been established as a factual matter that Wilson willfully infringed Malibu Media's

copyright by uploading and downloading all or a portion of the copyrighted work without authorization, enabling countless unknown others to obtain the work in the process. In addition, the Court finds this award just in light of Congress's recognition of the "disturbing trend" of internet piracy.

**B. Injunctive Relief**

Malibu Media also seeks injunctive relief pursuant to 17 U.S.C. §§ 502 and 503. Under § 503(b), the Court may order the destruction of all copies made or used in violation of the copyright owner's exclusive rights. Given the nature of the infringement that occurred in this case – participating in a "swarm" and downloading and uploading copyrighted work – the Court finds this injunction particularly appropriate here. Accordingly, Wilson is ordered to destroy all copies of the Works in his possession or control.

Malibu Media also seeks the entry of an injunction under § 502(a), which section provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Here, Malibu Media seeks an injunction enjoining Wilson "from directly, contributorily or indirectly infringing [Malibu Media's] rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of [Malibu Media]." [Plaintiff's Proposed Order at 3-4, Dkt. No. 44-1.] This requested injunction is, however, simply a mandate that Wilson follow copyright laws; it is, therefore, unnecessary.

**C. Costs of Suit and Attorney's Fees**

Pursuant to 17 U.S.C. § 505, the court in its discretion may award recovery of full costs and reasonable attorney's fees to a prevailing party. The declaration of Malibu Media's counsel

provides that Malibu Media has incurred $445.00 in costs and $2,550.00 in attorney's fees in this matter with respect to the prosecution of its claims against Wilson. The Court finds the amount of those costs and fees to be reasonable in the circumstances of this case.

## IV. CONCLUSION

To the extent set forth above, the Court **GRANTS** Malibu Media's motion for default judgment. The Court finds an award of $51,750 in damages is just under the circumstances. In addition, injunctive relief is appropriate to the extent set forth above. Finally, the Court finds the amount of costs and fees sought by Plaintiff to be reasonable. Accordingly, the Court recommends that judgment issue in favor of Plaintiff Malibu Media and against Defendant Donald Wilson in the total amount of $54,745.00.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  10/31/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

David P. Lynch
AMY NOE LAW
david@amynoelaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Gary L. Calhoun
UAW LEGAL SERVICES
garyca@uawlsp.com

VIA US MAIL

ERIC  STEAR
6652 Dunsdin Drive
Plainfield, IN 46168

DONALD WILSON
415 Hummingbird Lane
Whiteland, IN  46184