UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM JULIEN, | ) |
| GENA HURST, | )   No. 1:12-cv-01730-TWP-MJD |
| ERIC STEAR, | ) |
| DONALD WILSON | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Malibu Media, LLC's Motion to Dismiss Defendant William Julien's Counterclaim [Dkt. 39]. For the reasons set forth below, the Magistrate Judge recommends **GRANTING** the motion.

### I.   **Background**

Plaintiff filed its initial Complaint on November 26, 2012 against several unnamed defendants identified only by their Internet Protocol ("IP") addresses. Plaintiff alleges that these defendants infringed on Plaintiff's copyrighted works using a peer-to-peer file sharing service known as BitTorrent to download Plaintiff's copyrighted films. Plaintiff also filed a Motion for Leave to Serve Third Party Subpoenas [Dkt. 4] to internet service providers who supplied the IP addresses in order to obtain the identity of the owner of the IP address. This Court granted Plaintiff's motion on January 16, 2013. [Dkt. 12.]  On January 23, the Court issued an order that required Plaintiff, among other things, to file under seal a copy of the subpoena and the response

received, file under seal a copy of any and all correspondence between Plaintiff or Plaintiff's counsel and any putative defendants along with logs of any oral communications, and

> refrain from any communication with any putative Defendants without express leave of the Court until after the putative Defendants have been joined as parties in this matter. The sole exception to this prohibition is that counsel for Plaintiff may arrange to effect service of a Summons and the Complaint upon a putative Defendant once the Complaint has been amended to name such putative Defendant.

[Dkt. 15 at 2.] That Order also stated that "[w]ithin twenty-eight days of the identification through discovery or otherwise of any putative Defendant, Plaintiff shall file an Amended Complaint naming that Defendant and shall undertake immediate efforts to effect service of process upon that Defendant and file such proof of service with the Court." [*Id.* at 3.]

Plaintiff filed an Amended Complaint naming William Julien as a defendant on April 9, 2013. [Dkt. 18.] Defendant Julien filed an Answer on June 27, 2013. [Dkt. 34.] Plaintiff then filed the instant Motion to Dismiss Julien's Counterclaim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) on July 25, 2013. [Dkt. 39.]

## II.    Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, the court must take all factual allegations in the complaint as true and view all facts in the light most favorable to the non-moving party. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Panwar v. Access Therapies, Inc.*, No. 1:12-cv-00619-TWP-TAB, 2013 WL 320673, at *1 (S.D. Ind. Jan. 28, 2013) (*citing Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008)). Pleadings must provide "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). Pleadings consisting of mere conclusions, including legal conclusions couched as factual allegations, are not entitled to an assumption of truth. *Panwar*, 2013 WL 320673 at *1 (citations omitted).

### III.     Discussion

Defendant Julien's counterclaim asserts one count of abuse of process. [Dkt. 34 at 12-13.] The tort of abuse of process is governed by Indiana law which requires: 1) ulterior motive, and 2) a willful act in the use of process not proper in the regular conduct of the proceeding. *Reichhart v. City of New Haven*, 674 N.E.2d 27, 30 (Ind.Ct.App. 1996). It "is a prime example of litigating in bad faith." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy*, LLC, 626 F.3d 958, 963 (7th Cir. 2010). "A suit can be wrongful even if it is not groundless, if the aim is something other than a judgment, such as bankrupting the defendant or destroying his reputation or distracting him from his other pursuits or simply immiserating him." *West v. West*, 694 F.3d 904, 906 (7th Cir. 2012). However, "[a] party is not liable if the legal process has been used to accomplish an outcome that it was designed to accomplish." *Konecranes v. Davis*, No. 1:12-cv-01700-JMS-MJD, 2013 WL 5701046, at *5 (S.D. Ind. Oct. 18, 2013) (citations omitted). Thus, the starting point of inquiry is not motive or intent, but whether the counter-defendant used an improper process to accomplish a goal other than that which the law was designed to accomplish. *Id.*; *Panwar*, 2013 WL 320673 at *2; *Reichhart*, 674 N.E.2d at 30. "'Process' means the procedures incident to litigation." *Brooks v. Harding*, No. IP98-1200-C-T/G, 2001 WL 548098, at *7 (S.D. Ind. March 30, 2001) (*citing Reichhart*, 674 N.E.2d at 31). In other words, "process" means the "use of judicial machinery" by which a litigant undertakes action in pursuing a legal claim. *Id*. "The test of an improper process is whether the legal steps were procedurally and substantively proper under the circumstances." *City of New Haven v. Reichhart*, 748 N.E.2d 374, 379 (Ind. 2001).

Julien has failed to articulate in his counterclaim any facts that suggest Plaintiff used any improper process to accomplish a goal not intended by the Copyright Act. The Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers

3

and other potential infringers from infringing on copyrighted works. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-33 (1952); *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). Julien does not allege any conduct by or on behalf of the Plaintiff that does not serve this end.

Julien asserts that Plaintiff failed to conduct any pre-suit investigation and filing a lawsuit against an IP address without knowing the identity of the alleged infringer is an abuse of process. Specifically, Julien argues that the "[l]egal process, including a summons, is not a tool to be utilized by Plaintiffs to identify potential infringers or to 'narrow the field.'" [Dkt. 43 at 4.] Julien does not cite to any legal authority to support this position. In fact, such tactic may lead to the discovery of the real party in interest, even if someone other than the named Defendant. [*See* Dkt. 12; *see also Patrick Collins, Inc. v. John Does 1-9*, No. 12-cv-3161, 2012 WL 4321718, *4 (C.D. Ill. September 18, 2012) (finding subpoenas to be a proper method of discovery to obtain identity of infringer); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241 (N.D. Ill. 2011) (same).] However, in this case, the Court halted any further attempt for Plaintiff to communicate with the owners of the IP addresses until after they were named in the suit. [Dkt. 15 at 2-3.] This was done to protect judicial integrity and to prevent the very abuse of process for which Julien now claims. Since that order, Plaintiff has complied and Julien points to no instance where Plaintiff did not follow the Court's order and/or procedure.

Julien also asserts that Plaintiff's sole reason for becoming a limited liability company ("LLC") was to pursue litigation and engage in shakedown practices. However, "[t]he test of an improper process is whether the legal steps were procedurally and substantively proper under the circumstances." *Reichhart*, 748 N.E.2d at 379. Julien's counterclaim does not point to any facts

that suggest that the legal steps undertaken by Plaintiff were improper either procedurally or substantively.

### IV.   Conclusion

As Defendant has failed to provide sufficient facts to support a claim for abuse of process, the Magistrate Judge recommends **GRANTING** Plaintiff's Motion to Dismiss Defendant William Julien's Counterclaim [Dkt. 39] without prejudice. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 12/20/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ERIC STEAR
6652 Dunsdin Drive
Plainfield, IN 46168

David P. Lynch
AMY NOE LAW
david@amynoelaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Gary L. Calhoun
UAW LEGAL SERVICES

garyca@uawlsp.com